UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY SEBASTIAN GRANDISON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DANIEL PARAMO,<br><br>　　　　Respondent. | No. CV 13-788 SJO (FFM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

　　　　On or about January 22, 2013, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") along with a motion for the production of newly discovered evidence.  Petitioner challenges a conviction and sentence imposed by the Los Angeles County Superior Court in Case No. BA309573 in 2006 (conviction) and 2007 (sentence).

　　　　The Court takes judicial notice of its files with respect to a prior habeas petition (the "Prior Petition") petitioner filed in this Court on or about July 14, 2009.  (Case No. CV 09-5354 SJO (FFM)).  The Court notes that the Prior Petition was directed to the same conviction and/or sentence sustained in Los Angeles County Superior Court Case No. BA309573.  On May 1, 2012, Judgment was entered in Case No. CV 09-5354 SJO (FFM) denying the Prior Petition on the merits and dismissing the action with prejudice.

///

Because petitioner previously suffered an adverse judgement on the merits in the Prior Petition, the instant petition is a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b), which reads, in pertinent part, as follows:

"(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Therefore, because the Petition now pending challenges the same conviction as the Prior Petition, it constitutes a second and/or successive petition within the meaning of 28 U.S.C. § 2244(b). To the extent Petitioner seeks to pursue the same claims he previously asserted, the Petition is barred by the provisions of 28 U.S.C. § 2244(b)(1). To the extent Petitioner seeks to pursue claims not

previously asserted, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to secure such an order from the Ninth Circuit deprives the Court of subject matter jurisdiction.

For the foregoing reasons,

IT IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

IT IS FURTHER ORDERED that petitioner's motion for the production of newly discovered evidence is denied.

LET JUDGMENT BE ENTERED ACCORDINGLY.

February 22, 2013.
DATED:_____

*S. James Otero*

_____
S. JAMES OTERO
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
    FREDERICK F. MUMM
United States Magistrate Judge